UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*Electronically Filed*

| | |
|---|---|
| KARIM CODRINGTON ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | NO. 3:21-CV-665-RGJ |
| ) | |
| OFFICER JAY DOLAK, *ET AL*. ) | |
| ) | |
| Defendants ) | |

## **ANSWER**

Come the Defendants, Officers Jay Dolak, Tyler Blissett, and John Kirk, Steve Conad, and Louisville-Jefferson County Metro Government ("Metro Government"), by and through counsel, and for their Answer to Plaintiff's Complaint, state as follows:

1. Paragraph 1 states legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is required, Defendants deny same, in part for lack of knowledge.

2. With respect to Paragraphs 2 and 3 of the Complaint, Defendants deny using racially biased policing, any unlawful search, seizure, or arrest of Plaintiff, unlawful taking of his money, or trespassing upon his vehicle.

3. Paragraphs 4 and 5 state legal conclusions to which no responsive pleadings are required. Defendants do not contest that jurisdiction and venue are proper with this Court.

4. Defendants are without sufficient information to form a belief as to the allegations contained in Paragraph 6 of the Complaint.

5. With respect to Paragraphs 7, 8, 9, 10, and 11 Defendants acknowledge that Defendants Dolak, Blissett, and Kirk were employed as LMPD officers and that Defendant Conrad was employed as LMPD Chief at the time of the traffic stop at issue.

6. With respect to Paragraph 12 of the Complaint, Defendants state that Metro Government is a consolidated local government pursuant to KRS 67C, and that Louisville Metro Police Department (LMPD) is an agency of Metro Government.

7. Paragraph 13 does not require a responsive pleading.

8. In response to Paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, and 47 of the Complaint, Defendants acknowledge that Defendant officers conducted a field investigation on August 10, 2018 involving Plaintiff. Defendants state that this interaction was recorded on Dolak and Blissett's body cameras, and the body camera videos will speak for themselves.

9. Defendants deny the allegations contained in Paragraph 48 of the Complaint, in part due to lack of sufficient knowledge.

10. With respect to the allegations contained in Paragraphs 49 and 50 of the Complaint, Defendants acknowledge that Plaintiff was issued a citation and state that the citation will speak for itself. Defendants deny allegations of wrongdoing with respect to issuance of the citation.

11. With respect to Paragraph 51 of the Complaint, Defendants admit that Plaintiff was transported to LMDC. Defendants are without sufficient knowledge to form a belief as to the truth of the remaining averments contained in Paragraph 51 and therefore deny same.

12. With respect to Paragraphs 52, 53, 54, 55, 56, and 57, Defendants state that any and all testimony will speak for itself. Defendants reiterate that the body camera footage of the field investigation will speak for itself.

13. Defendants deny the allegations contained in Paragraphs 58, 59, 60, 61, and 62 of the Complaint, in part for lack of knowledge.

14. With respect to the allegations contained in Paragraph 63 of the Complaint, Defendants acknowledge that the criminal action was dismissed on or about November 5, 2020.

15. Defendants deny the allegations contained in Paragraphs 64, 65, and 66 in part for lack of knowledge.

16. Defendants admit that Plaintiff did not consent to a search.

17. Defendants deny the allegations contained in Paragraphs 68 and 69 of the Complaint, in part for lack of knowledge.

18. Defendants deny the allegations contained in Paragraph 70.

19. With respect to Paragraph 71 of the Complaint, Defendants state that the LMPD Standard Operating Procedures will speak for themselves.

20. Defendants deny the allegations contained in Paragraph 72.

21. With respect to Paragraphs 73-104, Defendants state that Plaintiff referenced several different public records, including media reports and civil lawsuits, and that those records will speak for themselves.

22. In response to Paragraph 105 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

23. Defendants deny the allegations contained in Paragraphs 106-119 of the Complaint.

24. In response to Paragraph 120 of Plaintiffs' Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

25. Defendants deny the allegations contained in Paragraphs 121-133 of the Complaint, in part for lack of knowledge.

26. In response to Paragraph 134 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

27. Paragraph 135 of the Complaint contains legal conclusions to which no response is required.

28. Defendants deny the allegations contained in Paragraphs 136-156 of the Complaint, in part for lack of knowledge.

29. In response to Paragraph 157 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

30. Defendants deny the allegations contained in Paragraphs 158-166, in part for lack of knowledge.

31. In response to Paragraph 167 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

32. Defendants deny the allegations contained in Paragraphs 168-172 of the Complaint, in part for lack of knowledge.

33. In response to Paragraph 173 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

34. Defendants deny the allegations in Paragraphs 174-177 of the Complaint, in part for lack of knowledge.

35. In response to Paragraph 184 of Plaintiffs' Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

36. Defendants deny the allegations contained in Paragraphs 185-197, in part due to lack of knowledge.

37. In response to Paragraph 198 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

38. Defendants deny the allegations contained in Paragraphs 199-204.

39. In response to Paragraph 205 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

40. Defendants deny the allegations contained in Paragraphs 206-210 of the Complaint, in part due to lack of knowledge.

41. In response to Paragraph 211 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

42. Defendants deny the allegations contained in Paragraphs 212-218, in part due to lack of knowledge.

43. In response to Paragraph 219 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

44. Defendants deny the allegations contained in Paragraphs 220-225, in part due to lack of knowledge.

45. All allegations in the Complaint not specifically admitted or denied are hereby denied.

## First Defense

46. The Complaint Fails to State a claim for which relief may be granted.

## Second Defense

47. The injuries and damages claimed in the Complaint were caused in whole or in part by the actions of Plaintiff and/or a third party.

## Third Defense

48. Defendants are entitled to absolute and sovereign immunity.

## Fourth Defense

49. Plaintiff's action is barred, in whole or in part, by Defendants' entitlement to qualified immunity and/or any other applicable immunity as at all times relevant to the Complaint, Defendants acted in good faith and in accordance with clearly established law.

## Fifth Defense

50. The Plaintiff's injuries and damages, if any, were caused in whole or in part from intervening acts and/or superseding causes over which Defendants have no control or for which these Defendants have no responsibility or liability.

### Sixth Defense

51. Defendants affirmatively plead each of the enumerated defenses contained in Federal Rules of Procedure 8 and 12, including but not limited to waiver, laches and estoppel, to the extent such defense or defenses are or may be applicable.

### Seventh Defense

52. Plaintiff has failed to mitigate damages, if any, and is therefore barred from relief.

### Eighth Defense

53. The Complaint fails to allege facts sufficient to permit an award of punitive damages against Defendants.

### Ninth Defense

54. The above styled action may be barred by arbitration and award, accord and satisfaction, estoppel, waiver, release, and any other matter constituting an avoidance or affirmative defense.

### Tenth Defense

55. Defendants expressly reserve the right to file further pleadings and to assert additional defenses as the proof develops

WHEREFORE, the Defendants demand judgment as follows:

1. That the Complaint be dismissed and held for naught;
2. For their costs herein expended;
3. Trial by Jury;
4. For leave to amend this Answer to conform to the evidence;

5. For leave to amend this Answer for affirmative defenses to conform to the evidence; and

For any and all other appropriate relief to which they may appear entitled.

                    Respectfully Submitted,

                    MIKE O'CONNELL
                    JEFFERSON COUNTY ATTORNEY

                    */s/ Susan K. Rivera*
                    Susan K. Rivera
                    Assistant Jefferson County Attorney
                    200 S. Fifth Street, Suite 300N
                    Louisville, Kentucky 40202
                    PHONE: (502) 574-3076
                    FAX: (502) 574-5573
                    EMAIL: susan.rivera@louisvilleky.gov
                    *COUNSEL FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned filed the above on February 7, 2022 using the Court's CM/ECF system which will send copies to all counsel of record.

                    */s/ Susan K. Rivera*
                    *Counsel for Defendants*