UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KARIM CODRINGTON     Plaintiff

v.     Civil Action No. 3:21-cv-665

JAY DOLAK, ET. AL.     Defendants

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

This matter is before the Court on Plaintiff's motion to stay consideration of Defendants' motion for summary judgment until the end of the discovery period. [DE 32]. Briefing is complete and the matter is ripe. [DE 32; DE 33; DE 34]. For the reasons below Plaintiff's motion is **DENIED**.

### I.    BACKGROUND

Plaintiff Karim Codrington ("Plaintiff") brings claims against Defendants Jay Dolak, Tyler Blissett, John Kirk, Steve Conrad, and the Louisville-Jefferson County Metro Government ("Defendants") arising out of an investigative stop and search of his vehicle. [DE 1 at 6]. Plaintiff brings *Monell* claims; claims of selective enforcement, unlawful search and seizure, false arrest, malicious prosecution, failure to train, and fabrication of evidence in violation of 42 U.S.C. § 1983; and various state law claims. [*Id*. at 21–34, 43]. The parties failed to complete discovery by the deadline laid out in the scheduling order. [DE 31 at 178]. Plaintiff moved to extend discovery by ninety days. [DE 25]. Defendants moved for summary judgment. [DE 26]. The Magistrate Judge extended the discovery deadline to November 18, 2023, finding that Plaintiff had been diligent and that the parties mutually anticipated the need for an extension. [DE 31]. Instead of responding

to Defendants' motion for summary judgment, Plaintiff filed this Rule 56 motion to stay the Court's consideration of summary judgment to allow for additional discovery. [DE 32].

## II.  STANDARD

Federal Rule of Civil Procedure 56(d) provides that if a nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." "The burden is on the party seeking additional discovery to demonstrate why such discovery is necessary." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (citing *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003)). Rule 56(d) imposes two distinct requirements on nonmovants. First, they must file an affidavit or declaration. *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002). Second, that affidavit must state with "'some precision the materials [nonmovant] hopes to obtain with further discovery, and exactly how [they] expect[] those materials would help [them] in opposing summary judgment.'" *Summers*, 368 F.3d at 887 (quoting *Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1144 (Fed.Cir. 1996)). "Bare allegations or vague assertions of the need for discovery are not enough." *Id*. (citing *United States v. Cantrell*, 92 F. Supp.2d 704, 717 (S.D. Ohio 2000)). In *King v. Harwood*, the Sixth Circuit held that an affidavit did not meet the Rule 56 standard when it merely listed the "various claims that [plaintiff] had asserted against [d]efendants" and failed to "specify any actual discoverable evidence that [plaintiff] hoped to obtain with discovery." 852 F.3d 568, 580 (6th Cir. 2017). Similarly, parroting the allegations in a complaint has been held to fail the Rule 56 standard. *See Summers*, 368 F.3d at 887 ("That affidavit, however, merely recites the same conclusory allegation[s] contained in the complaint: Counsel believes evidence will demonstrate the Plaintiff

was arrested for no other reason than dragging the American Flag. This does not meet the requirements of Fed.R.Civ.P. 56(f).") (alteration in original) (internal quotations omitted).

### III. ANALYSIS

Plaintiff submitted an affidavit in support of their Rule 56(d) motion. [DE 32-2]. Plaintiff argues that he needs additional time to "discover further materials related to Plaintiff's understanding of what he believes to be disputed material facts, such as the Defendants lacked probable cause and fabricated evidence as he alleges in his Complaint." [DE 32-1 at 189–90]. This is a mere recitation of the elements of Plaintiff's claims, and is not specific enough to meet the Rule 56 standard. *See King*, 852 F.3d at 580. Plaintiff fails to point to any specific piece of evidence which he expects to uncover through additional discovery and depositions. Instead, he "believes that discovery will disclose further correspondence between the parties and their agents that will support Plaintiff's claims as alleged." [DE 32-1 at 191]. The Sixth Circuit found a similarly vague statement to be insufficient in *Summers*. 368 F.3d at 887 (holding that the statement "[c]ounsel believes evidence will demonstrate the Plaintiff was arrested for no other reason than dragging the American Flag" did not meet the requirements of Rule 56).

Plaintiff also does not address how additional discovery would help him respond to specific claims in Defendants' motion for summary judgment. *See Abercrombie*, 280 F.3d at 627. Defendants argue (1) that Plaintiff's malicious prosecution and false arrest claims fail because there was probable cause for his arrest, and (2) that all of Plaintiff's other claims are barred by the statute of limitations. [DE 26-1 at 112-18]. Plaintiff fails to point to any additional piece of discoverable evidence which would help him refute either of these arguments.

The Magistrate Judge has extended the discovery period until November 18, 2023. [DE 31 at 179]. However, once Defendants moved for summary judgment, the Plaintiff had the burden

of showing why additional discovery is necessary. Fed. R. Civ. P. 56 (d). Plaintiff has not met that burden. Regardless, Plaintiff has been able to conduct additional discovery during the ongoing extended discovery period. [DE 34; DE 35]. In light of this, the Court will require Plaintiff to respond to Defendants' motion for summary judgment by November 18, 2023.

### III. CONCLUSION

For these reasons, **IT IS ORDERED** that:

1) Plaintiff's motion to stay the Court's consideration of Defendants' motion for summary judgment until the end of the discovery period [DE 32] is **DENIED.**

2) Plaintiff is directed to respond to Defendants' motion for summary judgment [DE 26] by **November 18, 2023**.

October 19, 2023

Rebecca Grady Jennings, District Judge
United States District Court