# THE UNITED STATES DISTRICT COURT
## FOR WESTERN DISTRICT OF KENTUCKY

**KARIM CODRINGTON,**                    )
                                         )
      **Plaintiff,**                )
                                         )
**v.**                                   )
                                         )   **CASE NO. 3:21-CV-665-RGJ**
                                         )
**OFFICER JAY DOLAK, _et al.,_**         )
                                         )
      **Defendants.**               )
                                         )
                                         )
                                         )
                                         )

---

**Plaintiff's Interrogatories and Production of Documents Propounded on the Defendant LJCMG**

---

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**NO. 3:21-CV-655-RGJ**

**KARIM CODRINGTON,**                                        **PLAINTIFF,**

**v.**

**OFFICER JAY DOLAK, *et al.*,**                             **DEFENDANTS.**

_____

**FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF**
**DOCUMENTS PROPOUNDED BY <u>PLAINTIFF TO</u>**
**<u>DEFENDANT LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT</u>**


Pursuant to Fed. R. Civ. P. 33 and 34 Plaintiff, Karim Codrington, by counsel, propounds

the following Interrogatories and Request for Production of Documents on Louisville/Jefferson

County Metro Government (hereinafter "Defendant" and/or "City" and/or "LJCMG") in the

above-styled action and directs it to respond within thirty (30) days. This discovery is made

pursuant to and will be used for all purposes authorized by the Federal Rules of Civil Procedure.

Defendant is reminded of its obligation to supplement responses as additional or different

information is made available to it.


Dated: October 10, 2022**.**

                                        Respectfully Submitted By:

                                        /s/ *Shaun A. Wimberly, Sr.*
                                        Shaun A. Wimberly, Sr.
                                        Wimberly and Associates, PLLC.

325 West Main Street, Suite 1816
Louisville, KY 40202
Phone: (502) 208-1887
*Counsel for Plaintiff*

**<u>Certificate of Service</u>**

I certify that on October 10, 2022, I served the foregoing *via* electronic mail to the following:

Honorable Susan K. Rivera
Assistant Jefferson County Attorney
Civil Litigation Division
First Trust Centre
200 S. Fifth Street, Suite 300N
Louisville, KY 40202
(502) 574-3076
<u>susan.rivera@louisvilleky.gov</u>
*Counsel for Defendants*

/s/ ***Shaun Wimberly, Sr.***
Shaun Wimberly, Sr.

## INSTRUCTIONS

1.     It is required that each interrogatory be answered based upon your entire knowledge available from all sources, including all information in your possession or that of  your attorneys, accountants, investigators, and/or other persons acting or purporting to act on your behalf.

2.     If you cannot respond to any of the following discovery requests in full after exercising due diligence to secure the information to do so, you should so state, and should respond in as detailed a manner as possible, based on such information as is available or accessible, including estimates in identification and description of the manner in which the estimate is made. You shall specify the inability to answer the remainder and state whether or not information or knowledge is available to you concerning the unanswered portion.

3.     If you object to any interrogatory on the ground that it seeks privileged information, please identify the portion of the interrogatory to which the objection applies, state the general nature of the withheld information, identify all persons privy to the withheld information, and answer the remaining portion of the interrogatory.

4.     If your answer is in any way qualified, please state the exact nature and extent of the qualification.

5.     If you do not have the information necessary to answer an interrogatory, but know where such information may be procured, the source shall be disclosed, and the person in possession or control thereof identified.

6.     The singular shall include the plural and the plural shall include the singular.

7.      All interrogatories, regardless of the tense in which they are phrased, shall be construed to be phrased in the past, present and future tense.

8.      The masculine shall include the feminine and the feminine shall include the masculine.

9.      If any document encompassed by this request for production is withheld under a claim of privilege and/or work product, furnish a list which identifies each document for which the privilege is claimed and which provides as to each such document the following information:

10.     The date of that document;

11.     The identity of each person who signed, prepared or sent that document;

12.     The identity of each person to whom that document was addressed or by whom that document was received;

13.     The identity of each person having possession, custody or control of that document;

14.     The subject matter of that document; and

15.     The basis upon which the privilege is claimed.

16.     When a Document Request requires a document which while known to you, is not in your possession or control, you should identify its present location and custodian, if known, or otherwise, its last known location and custodian.

17.     Each Document Request shall be construed independently and you shall not make reference to any other Document Request herein for purposes of limitation.

18.     All documents provided in response to these Document Requests should be appropriately numbered or marked according to the specific number of each Document

Request set out below.

19.     If any of the documents requested herein have been destroyed, furnish a list identifying each such document, its author(s), addressee(s), each person to whom copies of the documents were furnished or to whom the contents thereof were communicated, a summary of the substance of the document, the name of the custodian of the document, the date upon which it was destroyed, the name of the custodian of the document at the time of destruction, and the reason it was destroyed.

20.     These discovery requests are continuing, and to the extent that the responses may be enlarged, diminished, or otherwise modified by information acquired by you subsequent to the service of your response to these discovery requests, you are requested to serve promptly thereafter a Supplemental Response reflecting such changes. In no event should a Supplemental Response be filed later than thirty (30) days after such further information is received.

## DEFINITIONS

The following definitions apply to these *Interrogatories* and *Requests for Production of Documents*:

1.    **"YOU"** includes your agents, employees, insurance company, their agents and employees, and your attorneys, investigators and anyone else acting on your or their behalf.

2.    **"PERSON"** or **"PERSONS"** means any individual, partnership, firm, corporation, association, joint venture, sole proprietorship, public entity, federal, state, or local governmental body, or any other business or legal entity together with predecessors, successors, and assigns, their directors, officers, agents, servants, consultants, contractors, subcontractors, employees, representatives, and all agents and representatives thereof.

3.    **"CUSTODIAN"** refers to the **PERSON** having possession, custody or control of any **WRITING** or physical evidence.

4.    **"WRITING"** means any and all handwritten material, typewritten material, printed material, photo copies, photographs, and every other means of recording upon any tangible thing, together with any form of communication or other representation which would constitute a **WRITING** within the meaning of the rules of evidence that applies in the jurisdiction of the Court in the above-styled case.

5.    **"DOCUMENT"** means written, recorded (on magnetic tape or otherwise), transcribed, printed, or impressed matter of whatever kind, however produced or reproduced, including, but not limited to, sound or pictorial recordings, computerized

information, computerized notices, books, pamphlets, handwritten and/or typed letters, memoranda, telegrams, electronic or mechanical transmissions, communications of all kinds, reports, working papers, handwriting, charts, papers, writings, transcriptions, tapes, and records of any kind, including drafts or copies which contain any information different from the original.

6.      **"IDENTIFY"** means to describe a **WRITING** with such particularity as **YOU** would require in a motion to produce, or to provide the name, address and telephone number of a **PERSON.**

7.      **"IDENTIFY"** (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, and telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8.      The **"INCIDENT" and/or "OCCURRENCE"** refers to the accident, event or occurrence which is the subject of the plaintiff's complaint and amended complaint.

9.      The words **"AND"** and **"OR"** shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word **"INCLUDING"** shall be construed without limitation.

10.     As used herein, a document shall be deemed to be within your **"CONTROL"** if you or your law firm have the right to secure the document or a copy thereof from another person or private entity having actual physical possession thereof, regardless

of whether such document is otherwise contained in a file considered or labeled "**PERSONAL**," "**CONFIDENTIAL**," "**SECRET**," or "**PROPRIETARY**" by the person or entity. If any document requested was, but is no longer, in your possession or subject to your control as defined herein, state what disposition was made of it, and the date or dates, or approximate date or dates, on which such disposition was made.

11.      "**RELATED TO**" or "**RELATING TO**" means referring to, pertaining to, mentioning, or in any way relevant within the meaning of the rules of civil procedures that applies in the jurisdiction of the Court in the above-styled case.

12.      **"PRETEXT"** means a reason given in justification of a course of action that is not the real reason.

13.      **"PRETEXUAL"** means denoting or relating to a minor offense that enables the authorities to detain a suspect for investigation of other matters.

14.      **"SUBJECT LEGAL ACTION(S)"** means the underlying criminal case(s) entitled ***Commonwealth vs. Codrington, Karim***; Jefferson District Court, Case Number: 18-F-014872, ***Commonwealth vs. Codrington, Karim***; Jefferson District Court, Case Number: 18-F-014873, and ***Commonwealth vs. Codrington, Karim***; Jefferson Circuit Court, Case Number: 19-CR-000467 which were initiated against Karim Codrington, the Plaintiff named in the above-styled civil matter.

15.      "**LMPD**" means the Louisville Metro Police Department.

16.      "**LJCMG**" means the Louisville/Jefferson County Metro Government.

17.      "**DOJ**" means The United States Department of Justice.

18.      "**DEFENDANT LMPD OFFICERS and/or "DEFENDANT OFFICER"**

means and refers collectively to all of the LMPD police officers whom were named as Defendants in the Plaintiff's original complaint and amended complaint filed in the above-styled civil matter.

## INTERROGATORIES

1.   Please identify yourself, giving your full name, residence, business address, and

occupation, and if the defendant is a corporation, the office you hold with the defendant.

**ANSWER**:

2.   State whether the LJCMG's Police Department (LMPD) requires any training and/or

continuing training by its officers concerning discriminatory policing, unreasonable

stops, searches, seizures, and arrests during patrol activities.

**ANSWER**:

3.   If your answer to the previous interrogatory is yes, state the required training and/or

continuing training and where such training is offered to police officers.

**ANSWER**:

4.   If your answer to Interrogatory No. 2  is yes, state whether the defendant officer

complied with this training and the dates, location, and training received by the

defendant officer.

**ANSWER**:

5.   State whether the LMPD has WRITTEN DIRECTIVES for police officers concerning

discriminatory policing, unreasonable stops, searches, seizures, and arrests during patrol

activities.

**ANSWER**:

6.   If your answer to the previous interrogatory is yes, state the name and address of the

custodian of such records.

**ANSWER**:

7.  State whether the LMPD had a policy, practice, or custom for its officers regarding discriminatory policing, unreasonable stops, searches, seizures, and arrests during patrol activities.

**ANSWER**:

8.  If your answer to the previous interrogatory is yes, state each policy, practice, or custom.

**ANSWER**:

9.  State whether or not any complaints (oral or written) of civil rights violations, regarding discriminatory policing, unreasonable stops, searches, seizures, and arrests during patrol activities were made against defendant before the incident described in plaintiff's complaint.

**ANSWER**:

10. If your answer to the previous interrogatory is yes, set forth the name  and address of the person making the complaint, the date of each complaint, the date of the occurrence or action complained of, and the nature of the complaint.

**ANSWER**:

11. If your answer to Interrogatory No. 9 is yes, state whether any police or other governmental agency investigated the circumstances alleged in the complaint, state the name and address of the custodian of any documents relating to each complaint, and state whether or not any disciplinary action resulted from the complaint.

**ANSWER**:

12. State in detail what records or statistics are maintained by the LMPD concerning claims of discriminatory policing, unreasonable stops, searches, seizures, and arrests during patrol activities— during the past ten (10) years, and state the name and address of the custodian of these records.

**ANSWER**:

13. For each of the past ten (10) years, state the number of complaints made against police officers that allege discriminatory policing, unreasonable stops, searches, seizures, and arrests during patrol activities, state whether an investigation was conducted into each complaint, and state the number of police officers disciplined as a result of an investigation of the complaint.

**ANSWER**:

14. For each of the past ten (10) years, state the number of police officers disciplined for discriminatory policing, unreasonable stops, searches, seizures, and arrests during patrol activities.

**ANSWER**:

15. For each of the past ten (10) years, state the number of, and provide the case number and court of, all lawsuits filed against the LJCMG in regards to its Police Department (LMPD) or its officers that alleged discriminatory policing, unreasonable stops, searches, seizures, and arrests during patrol activities.

**ANSWER**:

16. State whether or not defendant was ever disciplined before the incident described in plaintiff's complaint.

**ANSWER**:

17. If your answer to the previous interrogatory is yes, state the type of disciplinary action

taken, the date such action was taken, and the reason for such disciplinary action.

**ANSWER**:

18. State whether or not any government agency other than the L M P D has ever

investigated the incident described in plaintiff's original complaint.

**ANSWER**:

19. Please identify the person who arrested the plaintiff, including:

(a) such person's name and address,

(b) the name of such person's employer,

(c) such person's business address, and

(d) such person's title.

**ANSWER**:

20. Was the person who arrested the plaintiff an employee of the defendant?

**ANSWER**:

21. If the answer to the preceding interrogatory is in the affirmative, please state:

(a) the job title of the arresting person,

(b) the length of time this person has been employed by the defendant, and

(c) the prior employment history of such person.

**ANSWER**:

22. Please describe all searches conducted of the plaintiff or the plaintiff's accessories,

including:

(a) the identity of all persons participating in each search,

(b)  the nature and scope of each search,

(c)  the date and time of each search,

(d)  whether the plaintiff consented to each search, and

(e)  the results of each search.

**ANSWER**:

_____
Louisville/Jefferson County Metro Government' Designee

COMMONWEALTH OF KENTUCKY

COUNTY OF _____

Subscribed, sworn, and acknowledged to before me by _____

this the _____ day of _____, 202_____.

_____
Notary Public

My commission expires:_____

Commission number: _____

**<u>Certificate of Service</u>**

I certify that on October 10, 2022, I served the foregoing *via* electronic mail to the following:

Honorable Susan K. Rivera
Assistant Jefferson County Attorney
Civil Litigation Division
First Trust Centre
200 S. Fifth Street, Suite 300N
Louisville, KY 40202
(502) 574-3076
<u>susan.rivera@louisvilleky.gov</u>
*Counsel for Defendants*

/s/ *<u>Shaun Wimberly, Sr.</u>*
Shaun Wimberly, Sr.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**NO. 3:21-CV-655-RGJ**

**KARIM CODRINGTON,**                                                 **PLAINTIFF,**

**v.**

**OFFICER JAY DOLAK, *et al.*,**                                      **DEFENDANTS.**
_____

**FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS**
**PROPOUNDED BY <u>PLAINTIFF TO</u>**
**<u>DEFENDANT LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT</u>**

**<u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

1.      Produce and attach to your responses, any and all correspondence (whether written or electronic), including investigation notes, recordings, videos, or other documents, for each fact that **YOU** contend supported the allegations that Plaintiff committed a crime, as charged in the **SUBJECT LEGAL ACTION(S)**.

**RESPONSE:**

2. Produce and attach any and all documentation which supports any Defenses as to the liability and damages that the Plaintiff is making against you in this lawsuit.

**RESPONSE:**

3. Produce and attach any and all exhibits or other tangible items which you will rely upon in discovery (including depositions, interrogatories, and etc.) and/or will attempt to introduce into evidence or otherwise use at trial.

**RESPONSE:**

4. Produce and attach copies of any and all documents relied upon in answering any of the Interrogatories contained herein.

**RESPONSE:**

5. Produce and attach copies of any and all documents identified in **YOUR** answers of any and all of the Interrogatories contained herein.

**RESPONSE:**

6. Produce and attach all documents relating to the initiation of the criminal complaints of the Plaintiff in the **SUBJECT LEGAL ACTION(S)**.

**RESPONSE:**

7. Produce and attach all documents relating to the Plaintiff in the **SUBJECT LEGAL ACTION(S)**.

**RESPONSE:**

8. Produce and attach all recordings and videos of the entire day dated August 10, 2018 from each officers involved in the traffic stop, search, transfer of custody of Plaintiff, and custody of the Plaintiff that is related to the **SUBJECT LEGAL ACTION(S)**.

**RESPONSE:**

9. Produce all materials relating to the detention alleged in the original complaint and amended complaint.

**RESPONSE:**

10. Produce all materials, including but not limited to the innovatory of the Plaintiff's personal property, relating to the arrest alleged in the original complaint and amended complaint.

**RESPONSE:**

11. Produce and attach all documents relating to the initiation of the ***CRIMINAL COMPLAINT*** of the Plaintiff in the **SUBJECT LEGAL ACTION(S)**.

**RESPONSE:**

12. Produce all materials showing that each officer is entitled to qualified immunity from liability.

**RESPONSE:**

13. Produce all materials relating to the employment of each of the Defendant LMPD police officers employed by LJCMG for the ten (10) years before the events giving rise to this lawsuit.

**RESPONSE:**

14. Produce all materials showing complaints of discriminatory policing, unreasonable stops, searches, seizures, and arrests during patrol activities made against each Defendant LMPD officers of LJCMG in the ten (10) years before the events giving rise to this lawsuit.

**RESPONSE:**

15. Produce all materials showing disciplinary actions for discriminatory policing, unreasonable stops, searches, seizures, and arrests during patrol activities taken against each Defendant LMPD officers named in the original complaint and amended complaint employed by LMPD of LJCMG.

**RESPONSE:**

16. Produce all materials showing disciplinary actions taken by LJCMG against its agents

or employees of LMPD for discriminatory policing, unreasonable stops, searches, seizures, and arrests during patrol activities.

**RESPONSE:**

17. Produce all materials showing policies, customs, and procedures regarding discriminatory policing, unreasonable stops, searches, seizures, and arrests during patrol activities by the officers, agents, and employees of LMPD of LJCMG.

**RESPONSE:**

18. Produce all materials showing the policies, customs, and procedures for investigating complaints of discriminatory policing, unreasonable stops, searches, seizures, and arrests during patrol activities against the officers, agents, and employees of LMPD of LJCMG.

**RESPONSE:**

19. Produce all materials showing the disciplinary actions for discriminatory policing, unreasonable stops, searches, seizures, and arrests during patrol activities that may be taken against the officers, agents, and employees of LMPD of LJCMG.

**RESPONSE:**

20. Produce all materials showing litigation in which each Defendant LMPD officers named in the original complaint and amended complaint was a party.

**RESPONSE:**

21. Produce materials showing previous complaints and lawsuits filed against the officers, agents, and employees of LMPD of LJCMG that charged discriminatory policing, unreasonable stops, searches, seizures, and arrests during patrol activities within ten (10) years before the events giving rise to this lawsuit.

**RESPONSE:**

22. Produce all materials showing that Plaintiff was in the custody of law-enforcement personnel and the duration of that custody.

**RESPONSE:**

23. Produce all materials issued as a result of any internal or other investigation of Plaintiff's arrest, injury, and detention and all materials showing any actions taken by LMPD and/or LJCMG as a result of the investigation.

**RESPONSE:**

24. Produce all photographs, videotapes, tape recordings, and other materials that resulted from Plaintiff's arrest, injury, or detention.

**RESPONSE:**

25. Produce all materials, including reports made and statements taken or received by any officer or employee of LMPD and/or LJCMG, regarding Plaintiff's arrest, injury, or detention.

**RESPONSE:**

_____
Louisville/Jefferson County Metro Government' Designee

COMMONWEALTH OF KENTUCKY

COUNTY OF _____

      Subscribed, sworn, and acknowledged to before me by _____
this the _____ day of _____, 202_____.

                                          _____
                                          Notary Public

                                          My commission expires:_____

                                          Commission number: _____

**<u>Certificate of Service</u>**

I certify that on October 10, 2022, I served the foregoing *via* electronic mail to the following:

    Honorable Susan K. Rivera
    Assistant Jefferson County Attorney
    Civil Litigation Division
    First Trust Centre
    200 S. Fifth Street, Suite 300N
    Louisville, KY 40202
    (502) 574-3076
    susan.rivera@louisvilleky.gov
    *Counsel for Defendants*

                                      /s/ *Shaun Wimberly, Sr.*
                                      Shaun Wimberly, Sr.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**NO. 3:21-CV-655-RGJ**

**KARIM CODRINGTON,**                                                    **PLAINTIFF,**

**v.**

**OFFICER JAY DOLAK, *et al.*,**                                          **DEFENDANTS.**
_____

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS <u>TO</u>**
**<u>DEFENDANT LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT</u>**

To: The defendant Louisville/Jefferson County Metro Government, through its attorney

of record, Honorable Susan K. Rivera, Assistant Jefferson County Attorney, Civil Litigation

Division, First Trust Centre, 200 S. Fifth Street, Suite 300N, Louisville, KY 40202.

Pursuant to Federal Rule of Civil Procedure 36, the Plaintiff, Karim Codrington, by

counsel, propounds the following Request For Admissions on the defendant, Louisville/Jefferson

County Metro Government, in the above-styled action and directs it to respond. The said

defendant, Louisville/Jefferson County Metro Government, must serve a response to

each request separately and fully, in writing and under oath, within 30 days after service.  This

discovery is made pursuant to the Federal Rule of Civil Procedure and will be used for all

purposes authorized by the same. The said defendant is reminded of its obligation to supplement

responses as additional or different information is made available to it.

Dated: October 10, 2022**.**

Respectfully Submitted By:

/s/ *Shaun A. Wimberly, Sr.*
Shaun A. Wimberly, Sr.
Wimberly and Associates, PLLC.
325 West Main Street, Suite 1816
Louisville, KY 40202
Phone: (502) 208-1887
*Counsel for Plaintiff*

## **REQUEST FOR ADMISSIONS**

DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. Parties. The term "plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, when applicable, {*his/her/its*} agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

2. Person. The term "person" means any natural person, a business, a legal or governmental entity, or an association.

3. You & your. The terms "you" and "your" mean the {*adverse party*} and {*his/her/its*} agents, representatives, attorneys, experts, and other persons acting or purporting to act on {*adverse party*}'s behalf.

4. Material. The term "material" means all documents, electronically stored information, or tangible things. The term is synonymous with and equal in scope to the terms "documents," "electronically stored information," and "tangible things" in Federal Rule of Civil Procedure 34(a)(1). A draft or nonidentical copy of a document, electronically stored information, or a tangible thing is a separate item within the meaning of this term.

a. Document. The term "document" means information that is fixed in a tangible medium, such as paper. It includes, but is not limited to, writings, drawings, films, charts, photographs, notices, memoranda, diaries, minutes, correspondence, books, journals, ledgers, reports, worksheets, notes, printed e-mails, letters, abstracts, audits, charts, checks, diagrams, drafts, instructions, lists, logs, résumés, and summaries.

b. Electronically stored information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

(1) "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; text messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; and metadata. Unless otherwise defined, each example used to illustrate the term "electronic file" will have the meaning assigned to it by Sedona Conference, Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 Sedona Conf. J. 263 (2020).

(2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage. Unless otherwise defined, each example used to illustrate the term "electronic information system" will have the meaning assigned to it by Sedona Conference, Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 Sedona Conf. J. 263 (2020).

(3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, and integrated-circuit cards (e.g., SIM cards). Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by Sedona Conference, Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition, 21 Sedona Conf. J. 263 (2020).

c. Tangible thing. The term "tangible thing" means a physical object that is not a document or electronically stored information.

5. Communication. The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

6. Relating. The term "relating" means concerning, referring, describing, evidencing, or constituting, either directly or indirectly.

7. Any. The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

8. And & or. The connectives "and" and "or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

9. Number. The use of the singular form of any word includes the plural and vice versa.

10. LMPD means the Louisville Metro Police Department.

11. LJCMG means the Louisville/Jefferson County Metro Government.

12. DOJ means The United States Department of Justice.

13. <u>Defendant LMPD Officers</u> means and refers collectively to all of the LMPD police officers whom were named as defendants in the Plaintiff's original complaint and amended complaint filed in the above-styled civil matter.

## REQUEST FOR ADMISSIONS

**Admit or deny the following:**

REQUEST 1: The Court has personal jurisdiction over all parties in this lawsuit.

**RESPONSE**:

REQUEST 2: Plaintiff properly named defendant in plaintiff's original complaint.

**RESPONSE**:

REQUEST 3: Plaintiff properly named defendant in plaintiff's amended complaint.

**RESPONSE**:

REQUEST 4: Plaintiff was stopped, detained, and seized on August 10, 2018, by Officer Jay Dolak, Officer Tyler Blissett, and Officer John Kirk.

**RESPONSE**:

REQUEST 5: Plaintiff was searched on August 10, 2018, by Officer Jay Dolak.

**RESPONSE**:

REQUEST 6: Plaintiff was searched on August 10, 2018, by Officer Tyler Blissett.

**RESPONSE**:

REQUEST 7: Plaintiff was searched on August 10, 2018, by Officer John Kirk.

**RESPONSE**:

REQUEST 8: Plaintiff was arrested on August 10, 2018, by Officer Jay Dolak.

**RESPONSE**:

REQUEST 9: Plaintiff was arrested on August 10, 2018, by Officer Tyler Blissett.

**RESPONSE**:

REQUEST 10: Plaintiff was arrested on August 10, 2018, by Officer John Kirk.

**RESPONSE**:

REQUEST 11: On August 10, 2018, at the time of Plaintiff's stop, detention, seizure, search, and arrest; and his further detention following his arrest, each of the <u>Defendant LMPD Officers</u> were acting in his/her official capacity as a LMPD police officer for LJCMG.

**RESPONSE**:

REQUEST 12: On August 10, 2018, each officer involved in Plaintiff's stop, detention, seizure, search, and arrest; and his further detention following his arrest were acting under color of the laws of the Commonwealth of Kentucky.

**RESPONSE**:

REQUEST 13: On August 10, 2018, at the time of Plaintiff's stop, detention, seizure, search, and arrest; and his further detention following his arrest, each officer followed the established policies and customs of LMPD.

**RESPONSE**:

REQUEST 14: Plaintiff was stopped, detained, seized, and searched on August 10, 2018, by Officer Jay Dolak and Officer Tyler Blissett.

**RESPONSE**:

REQUEST 15: Plaintiff was searched on August 10, 2018, by Officer Jay Dolak, Officer Tyler Blissett and Officer John Kirk.

**RESPONSE**:

REQUEST 16: The Defendant formal Chief Steve Conrad has lawsuit filed against him alleging discriminatory policing, unreasonable stops, searches, seizures, and arrests during patrol activities.

**RESPONSE**:

REQUEST 17: The Defendant LJCMG has lawsuits filed against it for discriminatory policing, unreasonable stops, searches, seizures, and arrests resulting from patrol activities of its LMPD police officers.

**RESPONSE**:

REQUEST 18: At the time of Plaintiff's traffic stop, on August 10, 2018, Officer Jay Dolak, Officer Tyler Blissett and Officer John Kirk were all members of LMPD.

**RESPONSE**:


REQUEST 19: The DOJ conducted an investigation of LJCMG and LMPD for discriminatory policing, unreasonable stops, searches, seizures, and arrests resulting from patrol activities of its LMPD police officers.

**RESPONSE**:

REQUEST 20: The DOJ conducted an investigation of the Plaintiff's traffic stop that occurred on August 10, 2018.

**RESPONSE**:

REQUEST 21: The LJCMG or its LMPD has NOT conducted an investigation of the Plaintiff's traffic stop.

**RESPONSE**:

REQUEST 22: Video from LMPD cameras were recorder at the site of plaintiff's arrest on August 10, 2018.

**RESPONSE**:


_____

Louisville/Jefferson County Metro Government' Designee

**Certificate of Service**

I certify that on October 10, 2022, I served the foregoing *via* electronic mail to the following:

Honorable Susan K. Rivera
Assistant Jefferson County Attorney
Civil Litigation Division
First Trust Centre
200 S. Fifth Street, Suite 300N
Louisville, KY 40202
(502) 574-3076
susan.rivera@louisvilleky.gov
*Counsel for Defendants*

/s/ *Shaun Wimberly, Sr.*
Shaun Wimberly, Sr.